UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JOHN S. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 08-194-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| GARY BECKSTROM, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court previously denied John Johnson's petition for a writ of habeas corpus under 28 U.S.C. § 2254. R. 98, 106. Johnson has now filed a motion to alter or amend that judgment under Federal Rule of Civil Procedure 59(e).[1] R. 108. Johnson argues that the Court's legal analysis in denying relief on several of his claims was faulty. Although Rule 59(e) allows a district court to alter or amend its judgment if the movant demonstrates "a clear error of law," *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009), it is not a license to "relitigate" the case. *Dixon v. Clem*, 419 F. Supp. 2d 947, 950 (E.D. Ky. 2006). Rather, the Rule only allows for the correction of "*manifest* errors of fact or law." *Id.* (emphasis added). For the following reasons, Johnson has not demonstrated any manifest errors that justify granting his motion.

---

[1] Johnson styles his motion as one under Rule 59(a)(2), but that is clearly incorrect. Rule 59(a)(2) allows courts to reopen a judgment after a "nonjury trial"—i.e., a bench trial. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 n.4 (9th Cir. 2007). There was never any trial in this case, so Rule 59(a)(2) simply does not apply. Rule 59(e) is the appropriate vehicle. *See Tabor v. Simpson*, No. 1:06CV-34-M, 2007 WL 2461678, at *1 (W.D. Ky. Aug. 23, 2007) (recharacterizing habeas petitioner's Rule 59(a)(2) motion as a Rule 59(e) motion).

## I.  Ineffective Assistance of Appellate Counsel

The Court held that all three of Johnson's ineffective-assistance-of-appellate-counsel ("IAAC") claims were procedurally defaulted because Johnson never presented them to the Kentucky state courts. R. 106 at 9-11. Although Kentucky courts were not hospitable to IAAC claims while Johnson was litigating his post-conviction motions, *see Parrish v. Commonwealth*, 272 S.W3d 171, 173 (Ky. 2008) ("[I]neffective assistance of appellate counsel is not a cognizable issue in this jurisdiction."), the Court held that this perceived hostility did not excuse Johnson's complete failure to present the claims to the state courts. R. 106 at 10. In the present motion, Johnson argues that the Kentucky courts' utter refusal to consider IAAC claims means that the state post-conviction processes were "ineffective to protect [his] rights," and thus exhaustion was excused. 28 U.S.C. § 2254(b)(1)(B)(ii). This argument runs headlong into *Engle v. Isaac*, 456 U.S. 107 (1982), where the Supreme Court said that "the futility of presenting an objection to the state courts cannot alone constitute cause for" failing to raise a claim before them. *Id*. at 130. After all, "[e]ven a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid." *Id*. And that is exactly what happened in Kentucky. In *Hollon v. Commonwealth*, 334 S.W.3d 431, 436-37 (Ky. 2010), the Kentucky Supreme Court reversed course and decided to recognize IAAC claims. If Johnson had presented his IAAC claims to the state courts, *his* case could have been the one in which they changed their minds. But Johnson never gave the Kentucky courts that opportunity. Ultimately, Johnson's argument amounts to no more than that his claims were "unacceptable to that particular court at that

particular time"—an argument the Court expressly rejected in *Engle*. 456 U.S. at 130 n.35 (quoting *Myers v. Washington*, 646 F.2d 355, 364 (9th Cir. 1981) (Poole, J., dissenting)).

But even if Johnson's IAAC claims were not procedurally defaulted, they still plainly fail on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). To prevail on an IAAC claim, a habeas petitioner must meet both prongs of the *Strickland* test—he must demonstrate (1) deficient performance and (2) prejudice, meaning "a reasonable probability that, but for his counsel's defective performance, he would have prevailed on appeal." *Mapes v. Tate*, 388 F.3d 187, 194 (6th Cir. 2004). In his IAAC claims, Johnson contends that his appellate counsel was ineffective for failing to appeal three different issues. Because appeals of these issues likely would have failed, Johnson has not demonstrated that his appellate counsel was deficient or that he suffered any prejudice.

First, in Claim 1, Johnson argues that his appellate counsel was ineffective for not appealing the trial court's denial of his motion to quash his indictment. The indictment read:

> The Grand Jury charges: That on or about the 26th day of July, 1992, in Leslie County, Kentucky, the above-name defendant(s): Committed the offense of murder by shooting Brian Matthew Sizemore with a firearm.

App'x at 1. Johnson filed a motion to quash the indictment because it did not specify the required level of mens rea. The trial court denied that motion, and any appeal of this ruling almost certainly would have failed. The indictment plainly was sufficient under Kentucky law, *see Wills v. Commonwealth*, 489 S.W.2d 828, 824 (Ky. 1973) (upholding nearly identical indictment), and Johnson's argument that the indictment ran afoul of the Fifth

3

Amendment to the United States Constitution is utterly specious because the Grand Jury Clause does not apply to the states. *See Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).

In Claim 2, Johnson argues that his appellate counsel was ineffective because he did not appeal the trial court's refusal to provide a copy of the master jury list. Johnson claims that, because he suspected irregularities in the selection of the jury pool, his attorney asked to see the master jury list. Instead of providing the master jury list (the full list of all 1500 jurors in the pool), the trial court only provided a list of the 250 jurors who were in the draw for Johnson's particular trial. There is no reason to think that an appeal of this issue would have been successful either. Because Johnson's trial counsel did not object when the trial court provided only the shorter list of jurors, the asserted error was not preserved for appeal. *See* Ky. R. Crim. P. 9.22; *West v. Commonwealth*, 780 S.W.2d 600, 602 (Ky. 1989). Further, Kentucky Rule of Criminal Procedure 9.34 requires defendants to raise any irregularities in the selection of jurors *before* voir dire. Failure to do so precludes consideration of the error on appeal. *See Brodgen v. Commonwealth*, 476 S.W.2d 192, 193 (Ky. 1972). And even if the Kentucky appellate courts would have considered the issue, Johnson has not demonstrated that his conviction likely would have been reversed. Johnson merely speculates about possible improprieties in jury selection that the master jury list might have revealed. That is not enough. *See id.* ("A mere objection, without some factual showing of irregularity in the selection of a jury panel, is not sufficient to challenge the procedure employed in selection of the jurors.").

Finally, in Claim 8(B), Johnson claims that he received IAAC because his attorney did not appeal the trial court's failure to instruct the jury on the lesser-included offense of

manslaughter or on various defenses, including self-defense and extreme emotional disturbance. This claim also fails because Johnson has not demonstrated a reasonable probability that he would have prevailed on appeal. First of all, in rejecting Johnson's Rule 11.42 petition, the state trial court held that the facts adduced at trial did not entitle Johnson to any of these jury instructions. R. 24-39 at 2-3. A federal habeas court generally may not second guess a state court's interpretation of state law. *See Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001); *Gall v. Parker*, 231 F.3d 265, 303 (6th Cir. 2000). Further, because Johnson's trial lawyer did not object to the trial court's failure to include these instructions, to prevail Johnson would have had to satisfy the requirements of Rule 10.26, Kentucky's equivalent of the plain error rule. Rule 10.26 allows Kentucky appellate courts to review unpreserved errors only if they are "palpable," they "affect[] the substantial rights of a party," and they result in "manifest injustice." Ky. R. Crim. P. 10.26. This, in turn, requires the appellant to demonstrate that, "upon consideration of the whole case . . . a substantial possibility exists that the result would have been . . . different." *Jackson v. Commonwealth*, 717 S.W.2d 511, 513 (Ky. Ct. App. 1986). There is no reasonable probability that Johnson would have been able to meet this high bar. It was not as if the jury was teetering on the fence and likely would have jumped at the option to convict Johnson of a lesser charge or acquit him based on self-defense—they convicted him of first degree murder in just twelve minutes. Accordingly, it is highly unlikely that an appeal of this issue would have succeeded.

Thus, even if Johnson's IAAC claims were not procedurally defaulted, they all still fail on the merits. The Court was correct to deny Johnson relief on these claims.

## II.     Ineffective Assistance of Trial Counsel

Johnson devoted the bulk of his habeas petition to a number of ineffective-assistance-of-trial-counsel claims. Not surprisingly, Johnson spends most of his Rule 59(e) motion attacking the Court's analysis in rejecting these claims. As the Court explained at length in its prior opinion, R. 106 at 27, prevailing on ineffective assistance claims that were adjudicated on the merits by the state courts is quite difficult. A habeas court's review of these claims is "doubly deferential" because the court must accord substantial deference both to counsel's performance and to the state court's decision. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1413 (2009)).

Johnson takes issue with the Court's rejection of his ineffective assistance claims based on the following actions of his trial counsel: failing to call private investigator Bill Phillips as a defense witness (Claim 13); failing to introduce a police report from the night of the murder (Claim 10); downplaying the injuries that Johnson received during the fight that preceded the shooting (Claim 12); not calling witnesses during the hearing on Johnson's motion for a new trial to establish that jurors Agnes Melton and Lillian Hayes had not provided complete and truthful answers to questions asked on voir dire (Claim 4); and failing to object to the trial court's refusal to instruct the jury on lesser-included offenses, self-defense, or extreme emotional disturbance (Claim 8(A)). The Court analyzed all of these claims at length in its prior opinion, R. 106, and will not retread over well worn ground here. Suffice it to say that Johnson has not demonstrated anything approaching "a clear error of law" in the Court's prior decision. *Betts*, 558 F.3d at 474. Johnson mostly rehashes the same arguments that he made in his 81-page habeas petition and his 239-page memorandum in

support—arguments that the Court has already rejected. At most, Johnson raises some possibly legitimate reasons that might have justified the state courts in finding ineffective assistance of counsel themselves in the first instance. But he does not come close to demonstrating that the state courts' rejection of these claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Take, for example, Johnson's arguments regarding his lawyers' failure to call private investigator Bill Phillips as a witness to testify about the lighting conditions at the scene of the murder. The Kentucky Court of Appeals rejected this ineffective assistance claim, holding that "the decision not to call the investigator as a witness was a sound tactical decision" and Phillips's "potential testimony . . . would not have altered the outcome of the trial." R. 24-47 at 9. In denying relief on this claim, this Court held that the state court's decision was not objectively unreasonable in part because Phillips had a prior conviction for jury tampering that almost certainly would have come out on cross-examination. R. 106 at 34. Johnson questions this logic in his present motion, arguing that a fair and impartial jury would have overlooked Phillips's prior conviction and given credence to his testimony because it would have been based on facts. R. 108 at 8. Maybe so. But was it objectively unreasonable for Johnson's defense attorneys to conclude that the jury probably would not give the testimony of a convicted jury tamperer much weight? And was it objectively unreasonable for the state courts to hold that, in light of his prior conviction, not calling Phillips was a strategic choice? Clearly not.

Thus, the arguments that Johnson raises in his Rule 59(e) do not come close to demonstrating that no "fair-minded jurist[]" could agree with the state courts' rejection of the claim that his trial counsel were ineffective for failing to call Bill Phillips as a witness. *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). None of Johnson's arguments on any of the other rejected ineffective assistance claims are any stronger. Instead of identifying clear errors of law in the Court's prior opinion, Johnson simply rehashes arguments that were made and rejected before. He is trying to "relitigate" his ineffective assistance claims. That is not Rule 59(e)'s purpose. *See Dixon*, 419 F. Supp. 2d at 950. The Court could walk through each of the arguments that Johnson raises and explain why they do not justify revisiting the Court's decision on his ineffective assistance claims, there is no need to do so. For the reasons stated in the Court's full opinion denying Johnson's habeas petition, R. 106, Johnson is not entitled to relief on any of these claims.

The Court also reviewed one of Johnson's ineffective assistance claims *de novo* because the Kentucky courts had erroneously applied a procedural default. R. 106 at 50-53. In this claim (Claim 5(E)), Johnson claims that his lawyers were ineffective because they did not develop an adequate record concerning the State's failure to preserve certain physical evidence. The Court rejected this claim because Johnson did not demonstrate prejudice—he received a missing evidence instruction from the trial court, and that is all he would have been entitled to even if he could prove a due process violation in the State's failure to preserve the evidence (which requires a showing of bad faith). R. 106 at 53. Johnson takes issue with this conclusion in his motion, arguing that the instruction was not sufficient because the three dissenting Justices on the Kentucky Supreme Court believed the instruction

was faulty and would have granted him a new trial. *See Johnson v. Commonwealth*, 892 S.W.2d 558, 563-64 (Ky. 1994) (Stumbo, J., dissenting). That is true, but *four* Justices held that the instructions were sufficient, and there is no authority that permits a federal habeas court to side with the dissent over the majority of the state court. Further, the instruction that the trial court gave adequately incorporated the "bad faith" standard for due process violations based on missing evidence set out in *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Thus, there is no reason to revisit the Court's rejection of this claim.

**III. Destruction of Evidence**

Johnson next takes issue with the Court's rejection of his due process claim based on the State's failure to preserve certain pieces of physical evidence, including Brian Sizemore's truck. The Court rejected this claim because the Kentucky Supreme Court's conclusion that "there was absolutely no showing of any bad faith" in the officers' handling of the physical evidence was not objectively unreasonable. R. 106 at 23-24. Johnson argues that this Court's decision was wrong because the Court overlooked a Kentucky State Police manual that arguably would have required retention of the truck as evidence and the Court underestimated the value of having defense experts test the actual truck itself instead of conducting their analysis based solely on photographs. Johnson made all of these arguments in his original petition and memorandum in support; they did not carry the day then and there is no reason that they should carry the day now. Even if officers did not follow the police manual to a tee, the Kentucky Supreme Court was reasonable to conclude that returning the truck to the Sizemores did not demonstrate "a conscious effort to suppress exculpatory evidence." *California v. Trombetta*, 467 U.S. 479, 488 (1984). After all, a truck is a

valuable possession for most families, and the Sizemores probably appreciated having the truck returned to them in a timely manner. There is therefore no reason to revisit this holding.

**IV.	Claim 15**

In his response to Johnson's motion, the respondent raises a potential misstatement of Kentucky law in the Court's prior opinion relating to Claim 15. In that claim, Johnson argues that his trial counsel were ineffective because they did not make sure that he was present at an *in camera* conference during which the judge and the attorneys discussed juror Rex Boggs's objections to continuing to serve on the jury. The Kentucky Court of Appeals refused to consider this claim on the merits because the issue of Boggs's continued presence on the jury had already been litigated on direct appeal and "[a]n issue raised and rejected on direct appeal may not be reconsidered in [Rule 11.42] proceedings by simply claiming that it amounts to ineffective assistance of counsel." R. 106 at 21 (quoting *Hodge v. Commonwealth*, 116 S.W.3d 463, 468 (Ky. 2003)). This Court accepted the Kentucky Court of Appeals' analysis and held that the claim had been procedurally defaulted. *Id.* at 20-21. The respondent has brought to the Court's attention that, after the Kentucky Court of Appeals issued its decision in Johnson's case, the Kentucky Supreme Court overruled *Hodge* and the "raised and rejected" rule in *Leonard v. Commonwealth*, 279 S.W.3d 151, 158-59 (Ky. 2009). Now, a defendant in Kentucky may bring an ineffective assistance claim in a collateral proceeding even if an underlying claim was raised and rejected on direct appeal. *Id.*

It is not clear that *Leonard* requires revisiting the Court's analysis of Claim 15. Although the Kentucky Court of Appeals' decision would not be correct today, it was correct when it was issued, and habeas courts "generally determine questions of procedural default" according to state law as it existed at the time of the state court's decision. *Reynolds v. Ellingsworth*, 843 F.2d 712, 722 (3d Cir. 1988). But even if the Court were to conclude that the Kentucky Court of Appeals' application of procedural default was erroneous, the claim would still fail. The state trial court adjudicated Claim 15 on the merits, and this Court must "look[] through" to its decision. *See Sweet v. Sec'y, Dept. of Corr.*, 467 F.3d 1311, 1317 (11th Cir. 2006). The trial court rejected this ineffective assistance claim because it "f[ound] that counsel would not have been aided or assisted in any manner if Mr. Johnson had been present and testified [at the *in camera* hearing]." R. 24-39 at 5. Thus, the trial court concluded that Johnson "suffered no prejudice." *Id.* This conclusion easily withstands AEDPA's deferential review. Johnson claims that, if he had been present at the hearing, he would have (1) told his attorneys about newspaper articles that he knew Boggs had written about prior unrelated charges against Johnson, (2) told his attorneys that he did not want Boggs to continue to be sequestered with the jury, and (3) moved to voir dire the rest of the jury to see if any of them had feelings that were similar to Boggs's or if any of them had been infected by Boggs's outburst. Memo at 230. It would be speculative to conclude that these things would have led the trial judge to immediately excuse Boggs from the jury, and even more speculative to conclude that Boggs's absence from the jury would have resulted in the jury acquitting Johnson. After all, Boggs did not actually deliberate with the jury—the judge excused him as an alternate right before the case was submitted. It therefore was not

objectively unreasonable for the state trial court to conclude that Johnson did not demonstrate prejudice.

## CONCLUSION

For these reasons, it is **ORDERED** that Johnson's Rule 59(e) motion, R. 108, is **DENIED**.

This the 5th day of August, 2011.

Signed By:
Amul R. Thapar
United States District Judge